

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,012-01

### EX PARTE CLEVELAND DINELL NIXON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W11-21243-A IN THE CRIMINAL DISTRICT COURT NUMBER SIX
## FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child and sentenced to five years' imprisonment.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he failed to argue, at the hearing on the motion to adjudicate guilt, that Applicant's extensive history of mental health issues should be taken into consideration before the trial court's assessed punishment in this case.

After holding a live evidentiary hearing, and based upon the record, the trial court has determined that trial counsel's performance was deficient at the hearing on the motion to adjudicate guilt in this case in that counsel failed to argue that Applicant's extensive history of mental health issues should be taken into consideration before the trial court assessed punishment, and that such deficient performance prejudiced Applicant.

Relief is granted in part. The sentence in Cause No. W11-21243-A in the Criminal District Court Number Six District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County so that the trial court may conduct a new sentencing hearing in this cause. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

All other relief requested is denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 12, 2018
Do not publish